UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALANN R. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARVER, *et al.*,<br><br>　　　　Defendants. | Case No.  2:22-cv-00274-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) PROCEED ONLY WITH HIS FOURTEENTH AMENDMENT CLAIM AGAINST DEFENDANT CARVER; OR<br><br>　(2) DELAY SERVING ANY DEFENDANT AND FILE ANOTHER AMENDED COMPLAINT<br><br>ECF Nos. 1 & 2<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff, a pretrial detainee at the Sacramento County Jail, alleges that four defendants, all deputies at the jail, violated his rights by subjecting him to excessive force, restricting his privileges, and preventing him from making a "pro per legal call." ECF No. 1 at 8-11.  His allegations, liberally construed, state a viable Fourteenth Amendment excessive force claim

against defendant Carver.[1]  His complaint does not state any other viable claims and plaintiff must decide whether to proceed only against Carver or to delay serving any defendant and file an amended complaint.

## Screening Order

### I.  Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential

---

[1] Plaintiff appears to be a pretrial detainee and, thus, his excessive force claim falls under the Fourteenth rather than the Eighth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 n.10, (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.  Analysis**

Plaintiff alleges that, on an unspecified date, defendant Carver repeatedly slammed a steel door against his ribs, arm, and neck. ECF No. 1 at 3. He alleges that Carver did so after plaintiff lay on his back with his hands in the air and asked to make a "pro-per legal call." *Id.* These allegations are sufficient to state a Fourteenth Amendment excessive force claim against Carver.

Next, plaintiff claims that defendants Galovich and Haynes upheld a "lock-up" order against him that restricted his right to phone access, commissary, and recreation for ten days. *Id.* at 4. He does not state either what justification these defendants gave for upholding the restrictions or what information they considered in making their decision. Thus, I cannot tell whether these defendants punished plaintiff in contravention of the Fourteenth Amendment or, instead, imposed restrictions that were related to a legitimate governmental objective. *See Bell v. Wolfish*, 441 U.S. 520, 539 (1979) ("Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"). Neither can I be certain, from the face of the complaint, that this claim is related to plaintiff's allegations against Carver.

Finally, plaintiff alleges that defendants Carver and Hinton denied him a "pro-per legal call" to which he was entitled. Plaintiff does not allege what the call he was prevented from making entailed or that he suffered any actual injury to his access to courts because of defendants' actions. *See Lewis v. Casey*, 518 U.S. 343, 351-53, 355 (1996) (holding that an access to the courts claim requires some actual injury). Thus, this claim fails.

Plaintiff may either proceed only with his Fourteenth Amendment claim against defendant Carver or he may delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no

longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

    Accordingly, it is ORDERED that:

    1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

    2.  Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his Fourteenth Amendment claim against defendant Carver or file an amended complaint.  If he chooses to proceed only with his viable Fourteenth Amendment claim, he should voluntarily dismiss all other claims and parties.

    3.  Failure to comply with this order may result in the dismissal of this action.

    4.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   June 30, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE